# CHARLES L. BONNEY

*v.*

## MARY E. STOUGHTON *et al.*

*Filed at Ottawa November 11, 1887.*

1. LIMITATION—*as to the matter of accounting.* An action of account at law, and a bill in equity for an account, must be brought within five years from the time the right of action accrues, which, in the case of a partnership, is upon the dissolution of the same.

2. On May 21, 1879, a partnership between A and B was by mutual consent dissolved, and there was an attempt to settle the partnership account which A believed was settled, showing a balance due him. B died December 18, 1881, and A filed his claim for the sum he insisted was found due him on the alleged settlement. On March 1, 1883, the claim was rejected, on the ground there had not been any adjustment of the partnership account, and this judgment was affirmed by the circuit court on November 2, 1884,—about a year and nine months after A's appeal. On January 20, 1885, he filed his bill against B's personal representative for an accounting, to which the Statute of Limitations was pleaded. No fraud of any kind was practiced on A: *Held,* that the statute was a bar to the relief sought by the bill.

3. SAME—*of intervening disability.* When the Statute of Limitations begins to run it will not be arrested by any subsequent disability, unless expressly so provided in the statute. The death of a debtor will not stop the running of the statute.

4. SAME—*non-suit—as a suspension of the statute.* The clause of the Limitation law which provides that when, during the pendency of a suit, the statutory period of limitation passes, and the plaintiff is afterward non-suited, he may sue again in one year from the time of such non-suit, has no application to a case where judgment is rendered in bar of the plaintiff's suit, even though he had not pursued his proper remedy in the action.

5. MISTAKE—*proper diligence required.* In the absence of fraud or concealment, before a court of equity will interfere because of the mistake of a party, even as to a matter of fact, the mistake must be such as the exercise of ordinary diligence would not have prevented. If he seeks to be relieved from the effect of his *laches* and neglect to ascertain his rights before the Statute of Limitations has barred him, he should show that his mistake as to his rights and remedy was without negligence on his part.

6. SAME—*mistake as to the law.* While mistake is an independent head of equity jurisdiction, it has been repeatedly held that a mistake or misapprehension of the law will not entitle the party to relief. To this rule there are exceptions, comprising a large class of cases, where a person has acted in respect of his property or estate under a misapprehension of his existing legal right or liability.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. C. C. BONNEY, for the appellant:

A court of equity will grant relief in case of a misapprehension of a party's rights, when to refuse it would give the other party an unconscionable advantage. 1 Story's Eq. Jur. secs. 138 c, 138 f, 138 g, 138 i; Kerr on Fraud and Mistake, 396, 398, 400; Bispham's Principles of Equity, 240, 243.

In the following cases of mistake it was admitted by the defendant that a certain sum was due the plaintiff, but that relief was barred by limitation. The relief was nevertheless granted. *Chapman* v. *County Commissioners,* 107 U. S. 348; *Henry County* v. *Winnebago County,* 52 Ill. 300; *United States* v. *Thompson,* 98 U. S. 486; *McIntosh* v. *Saunders,* 68 Ill. 128.

Relief was also granted in the following cases of mistake: *Metcalf* v. *Williams,* 104 U. S. 95; *Snell* v. *Insurance Co.* 98

id. 90; *Pool* v. *Docker*, 92 Ill. 500; *McKelway* v. *Armour*, 2 Stockt. (N. J.) 115; *Beardsley* v. *Knight*, 4 Vt. 481; 10 id. 190; *Jones* v. *Munroe*, 32 Ga. 188; *King* v. *Doolittle*, 1 Head. (Tenn.) 85; *Harrell* v. *De Normandie*, 24 Tex. 125; *Irick* v. *Fulton*, 3 Gratt. 196; *Whelen's Appeal*, 70 Pa. St. 425; *Cook* v. *Sumner County*, 1 Sneed, 716; *Evans* v. *Strode*, 11 Ohio St. 480; *Harney* v. *Charles*, 45 Mo. 159.

In cases of mistake the statute dates from the discovery. Story's Eq. (12th ed.) sec. 1521 a; *Brown* v. *County of Buena Vista*, 95 U. S. 158; *Brookshank* v. *Smith*, 2 Y. & Coll. 68; *McIntosh* v. *Saunders*, 68 Ill. 128; *Bond* v. *Hopkins*, 1 Sch. & Lefroy, 428.

It is inequitable to permit appellee to repudiate the settlement, and to keep the sum she admits to be due on such settlement. *Louisiana* v. *Wood*, 102 U. S. 295; *Maple* v. *Kussart*, 52 Pa. St. 352; *Parsley* v. *Hays*, 17 Iowa, 312; *Deford* v. *Murcer*, 24 id. 118; *Chilton* v. *Braidner*, 2 Black, 461; *Greenman* v. *Greenman*, 107 Ill. 411.

Messrs. Page & Booth, for the appellees:

A bill in equity for a partnership accounting is within the bar of the Statute of Limitations. *Quayle* v. *Guild*, 91 Ill. 378; *Hancock* v. *Harper*, 86 id. 453; *Sloan* v. *Graham*, 85 id. 30; *Pierce* v. *McClellan*, 93 id. 246; *Wright* v. *Le Clair*, 3 Iowa, 221; Story's Eq. Jur. sec. 529; Collyer on Partnership, sec. 374.

No such mistake is alleged as will give the court of equity jurisdiction to take the case out of the statute. Story's Eq. Jur. sec. 151; *Railroad Co.* v. *Bridges*, 7 B. Mon. 561; *McIntosh* v. *Saunders*, 68 Ill. 128; *Brookshank* v. *Smith*, 2 Y. & Coll. 58; *Crane* v. *Prather*, 4 J. J. Marsh. 76; Story's Eq. Jur. sec. 1521 a.

Mere ignorance of rights, without fraud or misrepresentation of the adverse party, is no bar to the running of the statute, either at law or in equity. *Conner* v. *Goodman*, 104

Ill. 365; *Bossard* v. *White,* 9 Rich. Eq. (S. C.) 499; *Under-hill* v. *Insurance Co.* 67 Ala. 45; *Campbell* v. *Long,* 20 Iowa, 382; *Reed* v. *Minell,* 30 Ala. 61; *Bank of Hartford* v. *Waterman,* 26 Conn. 330.

To avoid the statute it is incumbent upon the complainant to show by his bill, both the existence of such a mistake as will give the court jurisdiction, and also that he could not have discovered the mistake, by the use of reasonable diligence, in time to bring himself within the statute. *Carr* v. *Hilton,* 1 Curtis, 390; *Farnham* v. *Brooks,* 9 Pick. 246; *Wood* v. *Carpenter,* 11 Otto, 143; *Buckner* v. *Calcote,* 28 Miss. 596; *Stearns* v. *Page,* 7. How. 829; *Bremond* v. *McLean,* 45 Tex. 19; *Connoly* v. *Hammond,* 58 id. 11; *Conner* v. *Goodman,* 104 Ill. 365.

By prosecuting his claim as a claim for moneys advanced to Crowell individually, in the probate and circuit courts, the appellant's assignee has estopped himself from settting up and claiming that his claim is for an unsettled amount due upon partnership accounting. Bigelow on Estoppel, 578, and cases cited; *Denton* v. *Irwin,* 5 La. Ann. 18; *Gridley* v. *Connor,* 4 id. 416; *Sprigg* v. *Bank of Mt. Pleasant,* 10 Pet. 265; *Newington* v. *Levy,* Law Rep. (5 C. P.) 607.

Mr. Justice SHOPE delivered the opinion of the Court:

This bill, filed by appellant, Bonney, assignee of Edward G. Bowzer, seeks an accounting in respect to the partnership affairs of the late firm of C. H. Crowell & Co., of which Charles H. Crowell and said Edward G. Bowzer were the co-partners.

It is alleged in the bill, that the co-partnership theretofore existing between Crowell and Bowzer "was terminated and ended by the mutual acts, consent and acquiescence of both parties," on the 21st day of May, 1879. It is also alleged, that there was an attempt at accounting between the co-partners, and that Bowzer, in good faith, believed there was a settlement of the partnership affairs, in which it was agreed there

was due him from Crowell $1230.06. There is no allegation in the bill that the co-partnership existed for any purpose after that date, but on the contrary, it is fairly inferable, from the allegations of the bill, that there was a final and complete dissolution of the co-partnership. It is not material that we should now determine whether the balance due Bowzer was agreed upon or not. If it was, there being no extension of time of payment, it became immediately payable; and if not so agreed upon, immediately upon the dissolution of the firm either party might have brought an action against the other partner, and compelled the settlement and adjustment of their partnership affairs. Taking the charge in the bill as true,— that no such settlement or adjustment was, in fact, made,— Bowzer had the right, either by bill in chancery or by action of account, to proceed at once to adjust the partnership affairs between himself and Crowell.

The fifth clause of section 2, chapter 2, of the Revised Statutes, in force July 1, 1874, is: "The action of account may be sustained * * * by one or more co-partner or co-partners, against the other co-partner or co-partners, to settle and adjust their co-partnership accounts and dealings." It is manifest that in either event,—that is, whether there was an adjustment of the account or not,—the right of action in respect to this claim accrued upon dissolution of the co-partnership, May 21, 1879. Upon the dissolution, all that remained to be done, as shown by the bill, was to adjust the account of the partners with each other. Whatever claim either had against the other was a money demand, simply.

Section 15 of the Limitation act, (Starr & Curtis, 1552,) provides: "Actions on unwritten contracts, * * * and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." No limitation is specifically provided for the action of account, and the five years' limitation therefore applies. *Quayle et al.* v. *Guild, Admr.* 91 Ill. 378.

This bill was filed January 20, 1885, more than five years after the cause of action accrued, and it is clear that the right of action at law was then barred, and it is, as said by this court in *Hancock* v. *Harper*, 86 Ill. 445, well settled, that where courts of law and equity have concurrent jurisdiction, a claim barred at law will be barred in equity. Courts of equity, says Justice STORY, (1 Eq. Jur. sec. 529,) govern themselves by the same limitation as to entertaining bills for account, "as are prescribed by the Statute of Limitations, in regard to suits in courts of common law, in matters of account;" and "in so doing they do not act, in cases of this sort, so much upon the ground of analogy to the Statute of Limitations, as positively in obedience to such statute." And this rule obtains on bills for account by one partner against another, as in other cases of bills for account. *Quayle et al.* v. *Guild, Admr. supra,* and authorities cited.

In the cases cited, of *Hancock* v. *Harper,* and the later case of *Quayle et al.* v. *Guild, Admr.,* which was a bill filed for account between partners, and presenting the question now being considered, the authorities are reviewed, and the conclusion there reached disposes of the case at bar, unless some one or more of the matters set up in the bill will stop the running of the statute, or, in equity, should take the case out of its operation. It is insisted, with great earnestness, that the statute should commence only from November 2, 1884, when the circuit court rendered judgment against Bowzer on his appeal from the county court, for the reason that he, for the first time, then discovered and became "convinced" that he was mistaken in supposing that the occurrences of May 21, 1879, between himself and Crowell, were an adjustment of the amount due him; or, at most, could not be held to have commenced to run until March 1, 1883, when the administrator of Crowell repudiated such supposed settlement. It is alleged that Bowzer, in good faith, believed there was an accounting between himself and Crowell, and the balance agreed upon in his favor,

of $1230.06, and acted on that belief in presenting his claim in the probate court against the estate of Crowell, and subsequently prosecuting his appeal to the circuit court.

It is apparent from what has preceded, that the statute commenced to run May 21, 1879, during the lifetime of Crowell, who died December 18, 1881,—substantially two years and seven months after the cause of action accrued. Where a statute begins to run, it is not arrested by subsequent disability, unless expressly so provided in the statute. So the death of a party debtor will not stop the running of the Statute of Limitations. Wood on Limitations, 10; *Baker* v. *Brown*, 18 Ill. 91; *The People* v. *White*, 11 id. 350; *Shelburne, Exr.* v. *Robinson*, 3 Gilm. 598.

The claim of Bowzer was filed in the probate court August 21, 1882, eight months after Crowell's decease, but was not brought on for hearing in the probate court until March 1, 1883, over six months after its filing. The claim was then rejected by the probate court, and Bowzer appealed to the circuit court, where it was finally heard November 2, 1884, about a year and nine months after the appeal. There is no attempt in the bill to account for these delays, or any of them, nor is it alleged that they were not at Bowzer's instance or occasioned by his act or conduct.

It is to be remembered there is no allegation of misrepresentation, concealment or other fraudulent practices by any one, whereby, or in consequence of which, Bowzer was misled, either as to his rights or the remedy he should pursue to enforce them. All parties, so far as appears, acted in the most perfect good faith, and Bowzer had equal knowledge with Crowell in respect of the partnership affairs and of all that took place at the time of the dissolution of the firm. No act or declaration of Crowell, or any one representing him, is charged to have in any way influenced Bowzer, who knew every fact relating to his claim against Crowell, and, so far as appears, had the necessary evidence to establish it. There is no pre-

tense that he was mistaken as to any fact, but that he came to a wrong conclusion as to the effect of the acts of himself and Crowell on the 21st of May, 1879.

It is clear that the mistake of Bowzer, if he was mistaken, was purely through his own neglect and inattention to the affairs relating to the partnership. There is no pretense that Bowzer took the usual and ordinary precautions of taking the advice of counsel even, either as to his rights or as to the remedy to be pursued. It may well be, as alleged, that he acted in good faith upon his belief; but good faith alone, without the exercise of reasonable diligence, will not entitle him to relief in a court of equity. It is said that nothing can call forth a court of equity into activity but conscience, good faith and reasonable diligence. In the absence of fraud or concealment, before a court of equity will interfere because of the mistake of a party, even as to a matter of fact, the mistake must be such as the exercise of ordinary diligence would not have prevented.

It may be said that Bowzer was not bound to use greater diligence in prosecuting his claim, for the reason that he had five years within which to have brought his action, and that no *laches* could be attributed to him during that period. It is undoubtedly true that the statutory period of five years would bar his claim, and he might have filed a bill or brought his action of account at any time within that period; but he is here seeking to remove the disability to the maintenance of his bill created by the bar of the statute. If he had prosecuted his case in the circuit court with reasonable diligence even, after his appeal from the probate court, this question would have been settled long prior to the completion of the bar. It is apparent that the failure of Bowzer to discover his mistakes, both as to his rights and his remedy, is not shown by the bill to have been without negligence on his part. In other words, the bill wholly fails to show that he acted with diligence in his endeavor to ascertain the truth. If he or his assignee, therefore, must suffer, it is because they have not

made such a case by their bill as will call into activity a court of conscience. *Conner et al.* v. *Goodman*, 104 Ill. 365.

While mistake is an independent head of equity jurisdiction, it has been repeatedly held that a mistake or misapprehension of the law will not entitle the party to relief in a court of equity. (*Goltra* v. *Sanasack*, 53 Ill. 456; *Ruffner* v. *McConnel et al.* 17, id. 213; *Shafer* v. *Davis*, 13 id. 396; *Sterns* v. *Page*, 7 How. 829; *Weed* v. *Weed*, 94 N. Y. 243.) To this general rule there are exceptions, comprising a very large class of cases, where a person has acted in respect of his property or estate under a misapprehension of his existing legal right or liability; but it will be found, upon examination of those cases, that the case here under consideration does not fall within the rule announced. 2 Pomeroy's Eq. 849, and authorities.

It is further argued by counsel for appellant, that his claim is entitled, by analogy, to the benefit of section 25 of the Limitation act, which provides that where, during the pendency of a suit, the statutory period has passed, and the plaintiff is afterward non-suited, one year shall be allowed from the time of such non-suit within which to commence an action. This case comes within no provision of that section. The claimant in the proceeding in the probate court, which was subsequently appealed to the circuit court, was not non-suited, but a judgment was rendered against him in that action. The case was finally tried in the circuit court before a jury, a verdict was rendered in favor of the estate, and judgment was entered upon the verdict. If that court had jurisdiction, and it could be contended that that proceeding was an election of the remedy of Bowzer, equity would not interpose to relieve him from the effect of his choice, and the judgment there rendered would be a bar to his assertion of his claim in another forum. *Penn* v. *Reynolds*, 23 Gratt. 518; Story's Eq. 1572.

The demurrer to the bill was properly sustained, and the judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*