### R. C. Benting v. Joseph Bell et al.

1. FRAUD, ACCIDENT OR MISTAKE—*what essential to relief on ground of mistake.* Mistake of fact is a recognized ground of equity jurisdiction, but in order that relief may be afforded on that ground it must appear that the mistake was not due to the negligence of the party asking relief,—that is, that it was not such a mistake as the exercise of reasonable diligence would not have prevented.

2. PLEADING—*what allegations not considered.* The allegations of a bill in chancery which are mere legal conclusions will not be considered by the courts.

Bill in equity. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

JOHN J. REA and ALBERT E. BERGLAND, for appellant.

RAY & DOBBINS, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant filed his bill in equity against appellees, the commissioners and treasurer of Spoon River Drainage District, for injunction and relief. A demurrer to the bill interposed by appellees was sustained by the court, and appellant electing to abide his bill the same was dismissed for want of equity, and this appeal followed.

The allegations of the bill, as the same are set forth in appellant's statement in his brief and argument, are substantially as follows: That the commissioners of Spoon River Drainage District presented their petition to the County Court of Champaign county at its October term, 1903, to annex certain lands, alleged to be benefited by the work of said district, including certain lands belonging to appellant, describing the same; that upon a hearing in said County Court on said petition, the lands belonging to appellant were ordered to be attached to said district; that appellant prayed and was allowed an appeal from such order of the County Court to the Circuit Court, and his appeal bond was fixed at $200 and was filed within the time required by the order of the County Court; that the cause was heard on appeal in the Circuit Court at its April term, 1904, by the court without a jury, and at said hearing the prayer of the petition so far as the same affected the lands of appellant was denied, and said petition was dismissed as to said lands; that said commissioners prayed an appeal from such order of the Circuit Court to the Appellate Court of the Third District, and upon a hearing in said Appellate Court the order of the Circuit Court was reversed and the cause remanded; that thereafter a new trial was had

in the Circuit Court before a jury resulting in a ver-
dict finding that appellant's lands would not be bene-
fited by the work of the district, and a judgment of the
court dismissing said petition, so far as the same af-
fected appellant's lands; that said commissioners have
again prayed and been allowed an appeal from said
order of the Circuit Court to the Appellate Court
aforesaid, where said appeal is still pending and unde-
termined; that after both said trials in the Circuit
Court, and after the hearing in the Appellate Court,
it was discovered that by reason of a mistake on the
part of the scrivener who drew appellant's appeal
bond on his appeal from the County Court to the Cir-
cuit Court, a large portion of appellant's land was
omitted from said appeal bond; that it was the inten-
tion of appellant to appeal from the Circuit Court as
to all the lands belonging to appellant mentioned in
the petition and to have all of his lands mentioned
in said petition, included in his appeal bond and that
he fully believed the same had been done until after
all of said three hearings, when the mistake was dis-
covered; that said mistake was discovered too late for
appellant to apply to the Circuit Court for leave to
file a better appeal bond; that all of the evidence
given in both trials and embraced in the bill of excep-
tions embodied in the record of such proceedings
heard on appeal in said Appellate Court related solely
to the lands of appellant as the same were described
in the petition of the commissioners to the County
Court, and not as described in appellant's appeal bond,
and that said petition contains a correct description
of appellant's lands; that after said second appeal was
prayed and allowed to the Appellate Court appellees
discovered the mistake and although they knew that
the same was a mistake, and well knew it was appel-
lant's intention to appeal from the order of the County
Court annexing all of his lands to the district, they,
with the intent to wrong appellant and to deprive him
of the benefit derived by the judgment of the Circuit

Court, and to wrongfully annex said land to said district, caused and procured a jury to assess that portion of appellant's lands embraced in said petition but by mistake omitted from said appeal bond, and thereupon said jury returned their assessment roll embracing said lands to the County Court where the same was confirmed by the said court and now stands as a lien against the lands of appellant to the amount of such assessment, notwithstanding appellant's land so assessed is embraced in the record of the proceedings of the Circuit Court in the cause now pending and undetermined in said Appellate Court. Appellant further states that the bill prays for leave to correct said mistake by inserting the true description of his lands in the appeal bond, to wit, for leave to file a better bond embracing all of appellant's lands mentioned in said petition of said commissioners, and that appellees be restrained and enjoined from collecting said assessment and that said assessment be declared null and void and a cloud upon appellant's title to his lands, and for general relief.

The substantive ground for the equitable relief prayed in the bill is that a mistake was made by a scrivener in the service of appellant, in omitting the description of certain lands belonging to appellant from an appeal bond given by appellant in the matter of an appeal by him to the Circuit Court from the judgment of the County Court annexing said lands to a drainage district.

Mistake of fact is a recognized ground of equity jurisdiction, but in order that relief may be afforded upon that ground it must appear that the mistake was not due to the negligence of the party asking relief—that is, that it was such a mistake as the exercise of reasonable diligence would not have prevented. Bonney v. Stoughton, 122 Ill. 536; Steinmeyer v. Schroeppel, 226 Ill. 9.

The bill in the case at bar merely alleges in general terms that by reason of a mistake on the part of the

scrivener who drew appellant's appeal bond a large portion of appellant's land was omitted from said appeal bond. This is the pleading of a legal conclusion only, and clearly makes the bill obnoxious to a demurrer. Where the aid of equity is invoked upon the ground of mistake, it is not sufficient for the pleader simply to allege that the instrument sought to be corrected was drafted in a certain particular by mistake, but the particular circumstances which gave rise to and occasioned such mistake should be alleged. 14 Ency. of Pl. & Pr. 43.

The presumption is that appellant knew the correct description of his own land; that he knew what land belonging to him was affected by the order of the County Court, and that he carried out the intention formed by him with reference to perfecting an appeal from such order. The bill alleges no facts tending to show that appellant exercised any diligence whatever to prevent his alleged mistake, or to carry out his alleged intention in the premises.

It is urged that appellees waived all irregularities in the appeal bond by submitting the case upon its merits in the two trials in the Circuit Court and the two appeals to the Appellate Court. Conceding that a waiver by appellees of the irregularities in the appeal bond would give appellant a footing in a court of equity to invoke the relief prayed in the bill, the allegations of the bill in that respect are merely the legal conclusions of the pleader and not the recital of such facts, by reference to the record, as would constitute a waiver by appellees.

The bill as a whole falls far short of alleging facts which would authorize a court of equity to grant the relief prayed and the demurrer was properly sustained. The decree of the Circuit Court dismissing the bill for want of equity will be affirmed.

*Affirmed.*