CARRIE FRANKE, Plaintiff-Appellant, v. HARRY R. GEYER *et al.*, Defendants-Appellees.

Third District   No. 3—89—0647

Opinion filed March 6, 1991.

Troha, Troha & Bednarek, of Joliet (Theodore J. Bednarek, of counsel), for appellant.

Snyder, Jaquays & Washburn, P.C., of Joliet (Michael R. Phillips, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff filed a five-count complaint against her parents for childhood sexual abuse, battery, intentional infliction of emotional distress and breach of parental duty. At the time of filing the plaintiff was 31 years of age. The incidents complained of are alleged to have occurred when she was a minor between the ages of 4 and 16 years of age. The trial court granted defendants' motion to dismiss concluding that the claims were barred by the statute of limitations. We affirm.

Two questions are presented for review. First, whether plaintiff's cause of action is barred by the statute of limitations and, second, whether the theory of equitable estoppel is applicable to this case.

Section 13—202 of the Illinois Code of Civil Procedure provides that actions for personal injuries shall be brought within two years from the accrual of the cause of action. (Ill. Rev. Stat. 1989, ch. 110, par. 13—202.) Section 13—211 states that for persons under 18, the period of limitations begins to run after the person reaches 18 years of age. (Ill. Rev. Stat. 1989, ch. 110, par. 13—211.) In this case, 13 years have passed since plaintiff turned 18 years of age. Plaintiff alleges the "discovery rule" should extend the limitations period under the allegations of her complaint.

■ The discovery rule relating to the statute of limitations postpones the starting of period of limitations until "the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point, under the discovery rule, the running of the limitations period commences." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) Plaintiff's primary argument is that she was unaware of the extent of her injuries resulting from the alleged abuse until July of 1987 when she was advised of the causal connection by her marriage counselor. Plaintiff parallels her situation to those victims of asbestosis, who may know of exposure to asbestos and have medical problems, but do not discover the causal link until after the statute of limitations has expired.

■ Plaintiff cites *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864, wherein the plaintiff, an asbestos insulator, had been exposed to asbestos for many years. Sometime during those years plaintiff developed lung problems for which he sought medical help. He was not told that his condition was asbestosis until years later. After learning of his condition, plaintiff commenced a strict liability action within two years. Our supreme court determined that the discovery rule applied to plaintiff's situation. In reaching this result, the court first concluded that plaintiff did not know or reasonably

could not have known of the cause of his injury prior to his diagnosis. Second, the court found the hardship posed to plaintiff in time barring his cause of action outweighed the prejudice to defendant in applying the discovery rule. Finally, the court determined that whether plaintiff either knew or reasonably should have known of his injury was a question of fact. (*Nolan*, 85 Ill. 2d 161, 421 N.E.2d 864.) In attempting to expand on the balancing test referred to by the *Nolan* court, plaintiff also cites our previous decision of *Lincoln-Way Community High School District 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318, wherein we stated that in applying the discovery rule "the court will balance the hardship on the plaintiff caused by the bar of his suit against the burden on the defendant to obtain proof of his defense." *Lincoln-Way*, 51 Ill. App. 3d at 608, 367 N.E.2d 318.

■ We acknowledge the existence of the balancing test in applying the discovery rule. In this case, however, the inquiry does not reach the point of applying the balancing test. Prior to balancing the hardships and burdens, the court must first determine whether or not the discovery rule applies. In other words, we must first determine whether the plaintiff either knew or reasonably should have known both that an injury had occurred and that it was wrongfully caused when plaintiff reached 18 years of age. Although this initial question is generally one of fact, a court may make such a determination upon a motion to dismiss so long as such a conclusion is the only one to be drawn from plaintiff's pleadings. See *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.

■ In this case plaintiff alleges that as a result of the alleged abuse she was "in constant dread and apprehension that such acts were about to occur" and that her emotional distress began "from the time the abuse started to the present." From these facts, which we take as true, we conclude that plaintiff had sufficient information concerning her injury and its cause to put her on inquiry as to whether actionable conduct was involved. The fact that plaintiff may not have discovered the full extent of her injuries (or that she had a cause of action) until some 13 to 14 years later is not the test. A plaintiff need not know all of the facts or circumstances in order for the statute of limitations to begin running.

Plaintiff cites *Johnson v. Johnson* (N.D. Ill. 1988), 701 F. Supp. 1363, wherein the Federal district court held that Illinois would apply the discovery rule in the context of a sexual abuse case where the statute of limitations had expired. In *Johnson* the plaintiff alleged she had suppressed memory of the alleged sexual abuse and was unaware

of her injuries until she remembered the trauma while in psychotherapy years later. Subsequent to *Johnson*, by Public Act 86—1346, codified as section 13—202.2 of the Illinois Code of Civil Procedure, our State legislature has created a cause of action for childhood sexual abuse and has created a statute of repose with an outside limitation of 12 years from the date the abused person attains the age of 18 years. We agree with the *Johnson* court that the discovery rule applies to these types of cases, but we disagree with plaintiff's position that it applies to this case.

Plaintiff also contends that the doctrine of equitable estoppel should apply. We disagree. Equitable estoppel theoretically prevents a party from taking advantage of his own wrongdoing. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) The doctrine applies to prevent a litigant whose conduct has caused the plaintiff to forbear filing suit from asserting the statute of limitations as a defense. (*Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 475 N.E.2d 260.) The necessary elements are conduct by the defendant and reasonable reliance by the plaintiff. The test is whether, considering all the circumstances of the case, conscience and honest dealing require that the defendant be estopped. (*Lincoln-Way*, 51 Ill. App. 3d 602, 367 N.E.2d 318.) Plaintiff suggests that this case involves a special relationship which would excuse plaintiff's lack of diligence in pursuing her claim. Even assuming *arguendo* that a special relationship existed between plaintiff and defendant, plaintiff still has failed to plead any facts which would indicate that defendant somehow discouraged plaintiff from filing suit. Forbearance on plaintiff's part, caused by defendant, is still a requirement of equitable estoppel even in the special relationship scenario.

Accordingly, the decision of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and McCUSKEY, J., concur.