991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul J. ABRAMSON, Plaintiff-Appellant,
v.
Floyd ABRAMSON, individually and Jane Abramson, individually
Defendants-Appellees.
 No. 91-3054.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 12, 1993.*
Decided April 26, 1993.
 
 Before FLAUM, MANION, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 A son now living in California sues his parents, residents of Illinois, for dereliction of their familial and financial duties in this diversity action. Paul Abramson ("Paul") alleges in the first of his two-count complaint that his parents ("the Abramsons"), without justification, caused him to be "incarcerated" in mental institutions on two occasions during his childhood. In the second count, he charges that the Abramsons breached their obligation as trustees by failing to provide him with an accounting of certain assets in a trust established for his benefit. Finding the action time-barred by the applicable Illinois statute of limitations and case law, the district court granted the defendants' motion to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6). Paul appeals pro se. We affirm.
 
 I.
 
 2
 The summer Paul turned six his parents sought treatment for him at the Pritzker Center, a mental institution affiliated with the University of Chicago. There he lived for approximately three years until his discharge in 1970, when, for several months, he became an outpatient. At the time, Paul was nine. The Abramsons again "incarcerated" him when he was fourteen, this time at the Wilson Center, a residential treatment facility outside of Minneapolis, Minnesota. He remained a patient there between 1975 and 1978. By the end of his time there he had spent close to seven years of his childhood and adolescence in mental institutions.
 
 
 3
 Paul claims that his parents institutionalized him even though they knew that he never had been evaluated for any mental, emotional, or psychiatric problems. In the first count he alleges that the staff of the Pritzker Center abused and neglected him, and that he suffered similar mistreatment as a charge of the Wilson Center. The direct and proximate results of these stays have been serious emotional and physical injuries which, according to the complaint, continue to afflict Paul. His parents, he contends, are legally responsible for these injuries not only because they "incarcerated" him in the absence of medical diagnoses or evaluations justifying such measures, but also because the Abramsons permitted his institutionalizations to continue, neglecting to remove him from the facilities even though they knew that he was being abused and neglected there.
 
 
 4
 Two years after his release from Wilson, Paul began seeing Dr. Helen Warren Ross, Ph.D., on a weekly basis. According to an affidavit Paul included in his pleadings, Dr. Ross began to attempt to obtain Paul's medical records from the two institutions in 1980. Paul and his doctors received the records on December 22 or 23, 1988. Paul claims that only then did he become aware of the cause and source of the physical and emotional injuries that continue to affect him.
 
 
 5
 Paul filed his complaint on December 24, 1990. The district court dismissed the first count, finding it time-barred and rejecting the contention that the Illinois discovery rule had tolled the running of the statute.[1] Sua sponte, the court also dismissed the second count on the ground that the accounting claim did not furnish an independent basis of subject matter jurisdiction. Paul filed a timely notice of appeal.
 
 II.
 
 6
 We review the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. National Organization for Women, Inc. v. Scheidler, 968 F.2d 612, 616 (7th Cir.1992). When ruling on a motion pursuant to Rule 12(b)(6), the district court must accept the allegations in a complaint[2] as true and make all reasonable inferences in favor of the pleader. Summit Health, Ltd. v. Pinhas, 111 S.Ct. 1842, 1845 (1991). Even so, if the complaining party "can prove no set of facts in support of his claim which would entitle him to relief", the district court may dismiss the action. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted).
 
 
 7
 Illinois's two-year statute of limitations for suits alleging injury to the person applies to the first count of Paul's complaint, which asserts a common law claim for physical and emotional damages. See ILL.REV.STAT. ch. 110, p 13-202 (1992 Supp.). No one under age eighteen may bring an action in Illinois. All of the incidents described in the first count of the complaint occurred before Paul turned eighteen on August 5, 1979, when he lacked capacity to bring an action. See ILL.REV.STAT. ch. 110, p 13-211 (1992 Supp.). That is the earliest possible date the clock began to tick, giving Paul two years to bring suit if no other tolling provisions applied. He filed the complaint on December 24, 1990, more than eleven years after his eighteenth birthday.
 
 
 8
 Besides infancy, the discovery rule possibly could have postponed the running of the statute of limitations until the time when Paul knew or should have known of the injury and knew or should have known that someone wrongfully caused the injury. See Kedzierski v. Kedzierski, 899 F.2d 681, 683 (7th Cir.1990); Knox College v. Celotex Corp., 430 N.E.2d 976, 979-81 (1981). But an eternity cannot pass before the day of epiphany when a person realizes that he is injured and that his damages are the result of a wrongful act. To ensure just results--to preserve evidence, memories, and efficient use of the judicial system--discovery has its deadlines. There comes a point in time when the reasonable injured person gains enough information about his injury and its cause to be on notice to determine whether actionable conduct is involved. Id. at 980-81. And the meter starts running whether or not the plaintiff is cognizant of all of the facts or circumstances surrounding the injury. It matters not if he has learned the full extent of his injuries. Franke v. Geyer, 568 N.E.2d 931, 933 (Ill.App.Ct.1991); cf. Guebard v. Jabaay, 381 N.E.2d 1164, 1167 (Ill.App.Ct.1978) (statute begins to run even if plaintiff is aware of wrongful conduct but not the identity of the wrongdoer).
 
 
 9
 So when does one accumulate sufficient information for the statute to run? That is generally a question for the trier of fact unless the court, upon a motion to dismiss, can draw only one conclusion from the plaintiff's pleadings. Franke, 568 N.E.2d at 933. If that is the case, the court may determine whether the plaintiff knew or reasonably should have known (1) that an injury has occurred, and (2) that someone wrongfully caused it. After deciding whether the discovery rule applies, id., the court then balances the hardship endured by the plaintiff if his suit were barred against the burden on the defendant to obtain proof of his defense. Lincoln-Way Community High School Dist. v. Frankfort, 367 N.E.2d 318, 324 (1977). Disputes about facts in the pleadings or the record send the case to the trier of fact. Witherell v. Weimer, 421 N.E.2d 869, 874 (1981); Bates v. Little Co. of Mary Hosp., 438 N.E.2d 1250, 1253 (Ill.App.Ct.1982).
 
 
 10
 In opposing the motion for dismissal, Paul contended that the discovery rule should toll the statute of limitations because he did not discover the cause of his injury until he received his medical records in December 1988. The district court rejected this argument, finding that "the plaintiff knew, or should have known, of his injury many years prior to the initiation of this case." Abramson v. Abramson, 772 F.Supp. 395, 398 (N.D.Ill.1991).
 
 
 11
 The allegations in the complaint indicate that from the time of his institutionalizations Paul was aware of an injury caused by wrongful conduct. First, Paul asserts that he knew of his alleged injuries at the time of the underlying events themselves. Specifically, the complaint repeatedly claims that he has suffered and continues to suffer physical and emotional injuries as a result of his institutionalizations. Second, the complaint establishes that he knew (or should have) during the time of the events that his alleged injuries were the result of wrongful conduct: An "incarceration" characterized by abuse and neglect is precisely the sort of occurrence that "should prompt some investigation by the injured party" and activate the running of the statute of limitations. Lutes v. Farley, 446 N.E.2d 866, 868 (Ill.App.Ct.1983).
 
 
 12
 In appropriate circumstances the discovery rule tolls the statute of limitations so as to avoid "the manifest injustice of requiring plaintiff to know that which is inherently unknowable". Phillips v. Johnson, 599 N.E.2d 4, 7 (Ill.App.Ct.1992). See also Nolan v. Johns-Manville Asbestos, 421 N.E.2d 864, 867 (1981) (applying discovery rule to alleviate "the hardship to the plaintiff who neither knows nor reasonably should know that he is being injured."). But here the complaint states that Paul has been aware of his alleged injuries since the time they occurred. Unfortunately for Paul, the discovery rule offers no form of relief when a plaintiff knew or should have known that he was injured. Franke, supra, 568 N.E.2d at 933; Lutes, 446 N.E.2d at 868.
 
 
 13
 While Paul may have learned additional information about the cause and source of his alleged injuries when he received and reviewed his medical records in 1988, the fact remains that his duty of inquiry arose, years earlier, when he began experiencing physical and emotional suffering. The complaint states that Paul has been aware of these symptoms since childhood or early adolescence--too early, under Illinois law, to start the clock running. On his eighteenth birthday, however, Paul acquired the duty of further inquiry. He had until 1981 to bring suit but did not do so until 1990. To be sure, limitations statutes lead to harsh results, but there is an important need for them. They
 
 
 14
 merely recognize the general understanding that ancient grudges are the most destructive, self-consuming, and ill-founded. ... Samuel Johnson described "law" as "the last result of human wisdom acting upon human experience for the benefit of the public." 1 Johnsonian Miscellanies 233 (G. Hill ed. 1897). Johnson's observation certainly applies to statutes of limitations.
 
 
 15
 Kedzierski, supra, 899 F.2d at 683 n. 3.
 
 
 16
 Understandably, Paul's experiences in childhood and adolescence may still trouble him. Still, it is now too late to revisit events that occurred as long as twenty-five years ago--at least in this forum. Because only one conclusion could have been drawn from the pleadings--that the complaint failed to state a legal claim--the district court properly granted the motion for dismissal.
 
 
 17
 Paul also challenges the dismissal of his second claim. A federal district court may dismiss sua sponte claims over which there is no subject matter jurisdiction. See Fed.R.Civ.P. 12(h)(3). Once the court dismissed the first count, it lacked independent jurisdiction over the second claim, which was based on state law. United Mine Workers v. Gibbs, 383 U.S. 715 (1966).
 
 
 18
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The district court correctly distinguished this situation from one involving childhood sexual abuse, for which Illinois has enacted a special statute of limitations, ILL.REV.STAT. ch. 110, p 13-202.2 (1992 Supp.)
 
 
 [2]
 The district court apparently treated an affidavit by Dr. Ross, included in the pro se filings of Paul, as an amendment to his complaint. In light of the result in this case we do likewise