**COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff,**

v.

**Lawrence S. KRAIN, Defendant.**

No. 92 C 8353.

United States District Court, N.D. Illinois, E.D.

Jan. 19, 1994.

---

Frank L. Schneider, Marta Ann Stein, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, for Commercial Ins. Co., of Newark, New Jersey.

Ralph C. Hardesty, Hardesty, Wolf & Walkowicz, Chicago, IL, for Lawrence S. Krain.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, District Judge:

Plaintiff Commercial Insurance Company of Newark, New Jersey brings this four-count complaint against defendant Lawrence S. Krain, seeking rescission of two insurance policies issued to the defendant, and restitution of amounts paid to him thereunder. Presently before the court is Krain's motion to dismiss for failure to state a claim and for failure to comply with the applicable statute of limitations, and Commercial's motion for leave to file an amended complaint. For the reasons set forth below, Krain's motion is denied, and Commercial's motion is granted.

## I. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth*).

## II. Background

Plaintiff Commercial Insurance Company is a New Jersey corporation which is licensed to do business in Illinois. The present action relates to two insurance policies offered by Commercial and issued to defendant Lawrence S. Krain. Krain applied for the Illinois State Medical Society Disability Income Protection Plan on December 26, 1984, and Commercial issued the policy on January 18, 1985. He made his first claim to Commercial under this policy on November 15, 1985, and has since received $168,000.00 in benefits. Krain applied for the second policy, the Illinois State Medical Society Group Major Medical Expense Policy, on February 11, 1985, and Commercial issued the policy on April 1, 1985. On November 15, 1985 and January 1, 1987, Krain made claims under the policy, and Commercial has paid out $38,-887.82 in benefits.

In its complaint, filed on December 23, 1992, Commercial claims that statements Krain made in his applications for both policies regarding his prior medical history and preexisting medical conditions were false, and constituted either fraudulent or material misrepresentations. Krain moved to dismiss the complaint. While Krain's motion to dismiss was under consideration, Commercial moved for leave to file an amended complaint instanter, in which it additionally asserts that it did not discover the alleged falsity of Krain's statements until July, 1992. Presently before us, then, are Krain's motion to dismiss and Commercial's motion for leave to file an amended complaint.

### III. Discussion

■ Krain's first argument in favor of dismissal arises from the language of the policies themselves. Each policy contains a clause entitled "Time Limit on Certain Defenses." In the Major Medical Policy, the clause reads as follows:

> After two years from the effective date of a person's insurance, no statements, unless fraudulent, made by such person may be used to void the insurance or deny a claim for loss incurred or disability which begins after the end of such two year period.

The parallel provision in the Disability Income Protection Plan states:

> If You made a misstatement on the application for this Policy, We may not use it to void this Policy or to deny a claim for loss incurred or disability that starts after 2 years from the effective date. But if the misstatement was fraudulent there is no time limit.[1]

From this language Krain makes two arguments. First, he claims that these clauses act as an automatic bar to any lawsuit filed more than two years after the effective date of the policy. Indeed, he asserts that the above clauses unambiguously support this claim. We disagree. The language clearly applies to situations in which the *loss or disability* occurs more than two years after

the effective date, and not necessarily in which any *lawsuit* is filed more than two years after the effective date. That is, these clauses do not bar an action filed more than two years after the start of the policy which deal with a loss incurred or a disability which begins less than two years after the start of the policy, as is the case here. Accordingly, the language does not unambiguously support Krain's argument; on the contrary, it unambiguously defeats it.

■ Krain argues in the alternative that the "time limit" clauses preclude Commercial from seeking restitution for those benefits paid under the policies more than two years after their effective dates. He claims that because such losses were not incurred within the two year period, the policies prohibit their recovery. Again we disagree. The necessary corollary of the above clauses is that Commercial *may* use any misstatements on the application to void the policy or deny a claim for loss incurred or disability that starts less than two years after the effective date. Because "loss incurred" and "disability that starts" are phrased in the alternative, either may be used as a ground to void the policy or deny the claim. Here, even though Commercial may have incurred part of its loss more than two years after the effective dates, Krain's disability apparently started less than two years after the effective dates.[2] As a result, the "time limit" clause does not apply, and Krain's motion to dismiss Counts II and IV must fail.

■ Krain also argues that the entire complaint should be dismissed for failure to comply with the statute of limitations. The Seventh Circuit has recently stated that "[t]he Illinois statute of limitations for fraud is five years...." *Singletary v. Continental Ill. Nat'l Bank and Trust Co.*, 9 F.3d 1236, 1240 (7th Cir.1993) (citing 735 ILCS 5/13–205 (1992)). The same is apparently true of material misrepresentation claims. 735 ILCS 5/13–205 (1992). From this, Krain argues that the present action, filed in 1992, is time-

---

1. Krain recognizes that these clauses would at most justify dismissal of the material misrepresentation counts (Counts II and IV), since by their terms they do not apply in cases of fraud (Counts I and III).

2. Indeed, according to the complaint, Krain's disability began *before* the effective dates of the policies.

barred, since the actions complained of occurred in 1984 and 1985. However, the *Singletary* court went on to state that "[t]he statute of limitations starts to run when the plaintiff's cause of action accrues, and in Illinois it accrues not when the plaintiff is injured but when he discovers (or should have discovered) that he has been injured." *Singletary*, 9 F.3d at 1240 (citing *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 58 Ill.Dec. 725, 728–29, 430 N.E.2d 976, 979–80 (1981). In its original complaint, Commercial failed to identify when it discovered the alleged falsity of the statements. As a result, if this motion were directed solely against the original complaint, Krain would surely prevail.

■ However, as noted above, Commercial has moved for leave to file an amended complaint which identifies July, 1992 as the time at which it discovered Krain's alleged misrepresentations. Not surprisingly, Krain has objected. He asserts that Commercial has not alleged any facts in support of its discovery claim in violation of Fed.R.Civ.P. 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This argument, for which Krain provides no citation, requires little discussion. A plaintiff's discovery of fraudulent behavior is clearly not one of the circumstances which "constitutes" the fraud. As a result, Rule 9(b) simply does not apply in this situation. That is, there is no special pleading requirement with respect to *statutes of limitations* in fraud cases, Rule 9(b) notwithstanding. On the contrary, "[a] plaintiff seeking to take advantage of the discovery rule must plead that the cause of action remained unknown to the plaintiff." *Cassidy v. Derek Bryant Ins. Brokers, Ltd.*, 244 Ill. App.3d 1054, 184 Ill.Dec. 609, 617, 613 N.E.2d 1201, 1209 (1993). Because Commercial has met this basic pleading requirement, and because the amendment is not frivolous, *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), we grant Commercial leave to file its amended complaint.[3]

■ Anticipating our ruling, Krain also argues that, even if Commercial did not discover the alleged falsity of his statements until 1992, it should have discovered them much earlier, thus commencing the running of the statute of limitations. Because all of the dates Krain suggests are before December, 1987 (five years before the complaint was filed), he asserts that the statute has run and Commercial's claims are time-barred. However, it is well established that "[d]etermining the point under the discovery rule at which the running of the limitations period commences is a question for the trier of fact...." *Kedzierski v. Kedzierski*, 899 F.2d 681, 683 (7th Cir.1990) (citations omitted). Here, we can not say as a matter of law that Commercial should have discovered any falsity prior to December, 1992. Accordingly, Krain's argument must fail.

## IV. Conclusion

For the reasons set forth above, Krain's motion to dismiss is denied and Commercial's motion for leave to file an amended complaint instanter is granted. Commercial is to file a Second Amended Complaint by January 21, 1994. It is so ordered.

**3.** We note with some concern that Commercial only amended its complaint to implicate the discovery rule with respect to Counts I and II. *Compare* Am.Cmplt. ¶¶ 11 and 29 *with* Am. Cmplt. ¶¶ 46 and 64. Because the preexisting medical condition which provides the basis for this action is presumably the same for all counts of the complaint, and was thus first discovered in 1992 with respect to all counts of the complaint, we anticipate that this omission was mere oversight. We therefore grant Commercial leave to file a Second Amended Complaint by January 21, 1994 to correct this error. Failure to file a Second Amended Complaint by this date will result in dismissal of Counts III and IV of Commercial's action.