965 So.2d 1186 (2007)
JOHN DOE NO. 23, Appellant,
v.
ARCHDIOCESE OF MIAMI, INC., Chaminade-Madonna College Preparatory, Inc., and The Marianists Province of the United States, Inc., Appellees.
No. 4D06-2956.
District Court of Appeal of Florida, Fourth District.
September 5, 2007.
Rehearing Denied November 2, 2007.
*1187 Jeffrey M. Herman and Stuart S. Mermelstein of Herman & Mermelstein, P.A., Miami, for appellant.
Anne C. Sullivan and Michael A. Mullen of Gaebe, Mullen, Antonelli, Esco & DiMatteo, Coral Gables, for appellees.
Brian H. Pollock and W. Sam Holland of The Ferraro Law Firm, P.A., Miami, for appellees Chaminade-Madonna College Preparatory, Inc., and The Marianists of the United States, Inc.
PER CURIAM.
Plaintiff appeals the trial court's dismissal with prejudice of his amended complaint for negligence against Defendants Archdiocese of Miami, Inc., Chaminade-Madonna College Preparatory, Inc., and the Marianists Province of the United States, Inc. The complaint arose from alleged sexual abuse of the plaintiff by a teacher and clergyman at the Chaminade High School more than thirty years ago. The trial court dismissed the amended complaint because the plaintiff filed the action well outside of the statutes of limitations for negligence and failed to allege sufficient facts to justify tolling the statute of limitations on an equitable estoppel theory. We affirm.
Although the plaintiff alleged that he was sexually abused by the Archdiocese's employees when he was a student at the Catholic high school in the early 1970s, he waited more than thirty years to file suit. His delay in filing suit outside of the time permitted for negligence actions appeared on the face of his original and amended complaints. When the defendants moved to dismiss the amended complaint based on the statute of limitations, the plaintiff sought to avoid the statute of limitations by relying on the theory of equitable estoppel. The defendant conceded that his delay in filing suit was not the result of any repressed memory of the events. Rather, he asserted that his delay resulted from the defendants' concealment of their knowledge that the subject employees had sexually abused other boys. He contends that this information would have assisted him in pursuing his wrongful hiring and supervision claims.
To assert equitable estoppel, the defendant must have engaged in wrongful conduct which "induced another into forebearing suit within the applicable limitations period." Major League Baseball v. Morsani, 790 So.2d 1071, 1079 (Fla.2001). Here, the plaintiff failed to allege any wrongful conduct or specific acts of fraud or fraudulent concealment by defendants at any point after the acts alleged in his amended complaint to justify applying the theory of equitable estoppel. Cf. Fla. Dep't of Health & Rehabilitative Servs. v. S.A.P., 835 So.2d 1091, 1100 (Fla.2002) (holding that the doctrine of fraudulent concealment applied to toll the statute of limitations where the plaintiff alleged that "after the abuse was uncovered by police, HRS then `obstructed' the police investigation, `falsified' reports, `altered' records, and otherwise `actively concealed' the abuse").
Further, the plaintiff's claim that the defendants breached a fiduciary duty to disclose the abuse of the other boys does not explain how he was induced to wait *1188 almost three decades to sue for abuse. As New York's highest court explained in Zumpano v. Quinn, 6 N.Y.3d 666, 816 N.Y.S.2d 703, 849 N.E.2d 926, 930 (2006):
Even if the Court were to assume that a fiduciary relationship existed between the parties during plaintiffs' infancy and that the diocesan defendants had a legal duty to disclose any knowledge of prior incidents of sexual abuse and breached that duty, plaintiffs still failed to demonstrate how that breach prevented them from bringing a timely action. As noted above, defendants' concealment of their own actions and of the priests' conduct, postwrongdoing, does not alter the fact that plaintiffs were fully aware that they had been abused. Plaintiffs also knew the identity of their abusers and that the abusers were employed by the Diocese. They failed to establish that any concealment by defendants changed their awareness of these facts or that defendants had a direct role in plaintiffs' failure to file suit within an appropriate time period.
See also Doe v. Holy See (State of Vatican City), 17 A.D.3d 793, 793 N.Y.S.2d 565, 569 (2005), appeal denied, 6 N.Y.3d 707, 812 N.Y.S.2d 443, 845 N.E.2d 1274 (2006); Franke v. Geyer, 209 Ill.App.3d 1009, 154 Ill.Dec. 710, 568 N.E.2d 931, 934 (1991).
Even recognizing the defendants' obligation to report child abuse to the authorities at that time,[1] we can find no authority which would render a violation of that duty an estoppel to assert the statute of limitations. We conclude that the trial court properly dismissed the amended complaint on the basis of the statute of limitations. Because any further attempt to amend the complaint to state the requisite allegations for tolling the statute of limitations would be futile, the dismissal was properly entered with prejudice. See Walters v. Ocean Gate Phase I Condo., 925 So.2d 440, 441 (Fla. 5th DCA 2006).
Affirmed.
POLEN, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] See Ch. 71-97, at 243, Laws of Fla.