809 P.2d 970

**William J. ROER and Rita M. Roer, husband and wife, Plaintiffs/Appellants,**

v.

**BUCKEYE IRRIGATION COMPANY, dba Buckeye Water Conservation and Drainage District, and Arlington Canal Company, Defendants/Appellees.**

**No. 2 CA–CV 90–0113.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 15, 1990.

As Corrected Jan. 24, 1991.

Review Denied May 7, 1991.*

---

* Cameron, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Vaughan & Becker, P.C. by Mathis Becker and Judith C. Darknall, Sun City, for plaintiffs/appellants.

Jones, Skelton & Hochuli by Jeffrey B. Miller and Booker T. Evans, Jr., Phoenix, for defendant/appellee Buckeye Irr. Co.

John R. Baker, Tempe, for defendant/appellee Arlington Canal Co.

## OPINION

HOWARD, Judge.

### FACTUAL AND PROCEDURAL SUMMARY

In June 1986, the plaintiffs filed this lawsuit against the defendants Buckeye Irrigation Company (Buckeye) and Arlington Canal Company (Arlington) alleging, among other things, that the defendants' negligence had caused the plaintiffs' land to become waterlogged, thus destroying its use as farm land. The case went to the jury on the negligence theory and the jury returned a verdict of $1,380,000, allocating fault as follows: contributory negligence of plaintiff, 20 percent; Arlington Canal Company, 20 percent; Buckeye Irrigation Company, 60 percent.

The defendants moved for judgment notwithstanding the verdict, or in the alternative for a new trial on several grounds. The trial court granted the motions on the grounds asserted, but we shall focus on only one of the grounds, the statute of limitations, which we find was properly applied and disposes of the balance of the issues. We set forth only those facts which are relevant to the statute of limitations issue.

Plaintiffs' land is located in the Buckeye Valley and is to the north of the Gila River. The land from this valley has a history of waterlogging starting back at least 60 years. The plaintiffs purchased the principal part of their land in the 1940's. At that time the land was not waterlogged. In 1981, they purchased an adjacent parcel which the owner sold to them because it was waterlogged.

The plaintiffs' land is in the Buckeye Water Conservation and Drainage District. The farmers who own land in this district are shareholders of defendant Buckeye which provides the water to the farmers from the Gila River through various canals and laterals throughout the district. Buckeye's articles of incorporation allow it to

engage in drainage activities, which it has done since it was incorporated in 1907.

As early as 1974 and up to the filing of this complaint, the plaintiffs complained to Buckeye that their property had been damaged and sections of it rendered unfarmable because of waterlogging. They asked Buckeye to help remedy this problem and Buckeye either told them that it would do what it could or that it would have someone look into the problem and recommend what action should be taken. During this time the groundwater level continued to rise and several massive floods occurred in 1978, 1980, 1982 and 1983. Buckeye drilled several drainage wells in the district but none on or near the plaintiffs' land until 1983, when it drilled a drainage well pursuant to a permit it had applied for in 1982. This well proved to be a failure because it did not pump as much water as was expected.

In 1982, the plaintiffs discovered that the waterlogging had extensively damaged their property and an expert who had been contacted by their son-in-law told them there was nothing he could do to correct this problem.

In 1985, the plaintiffs begged Buckeye to use one of their irrigation wells as a drainage well. Buckeye agreed to do so under certain conditions which were initially unacceptable to the plaintiffs. The plaintiffs finally agreed to the conditions but Buckeye refused to go ahead with the project.

Arlington has a canal which traverses the plaintiffs' property and which was not properly cleaned or maintained, contributing to the waterlogging of the plaintiffs' property. Arlington kept promising to clean and repair the canal but never did anything and in 1986, when it became clear to the plaintiffs that neither Arlington nor Buckeye were going to do anything more, this lawsuit was filed.

## CONTENTIONS OF THE PARTIES

The defendants contend that the two-year statute of limitations for damages to property, A.R.S. § 12–542, began to run at the very latest, in 1982 when plaintiffs discovered that their land was extensively waterlogged and could not be corrected by the expert who was called in by the plaintiffs' son-in-law to remedy the situation.

The plaintiffs contend that the defendants are estopped from asserting the statute of limitations as a defense because of their conduct and that even if they are not estopped, they are responsible for the damages occurring after the statute of limitations ran.

## DISCUSSION

█ A defendant will be estopped from asserting the defense of the statute of limitations if by its conduct the defendant induces the plaintiff to forego litigation by leading plaintiff to believe a settlement or adjustment of the claim will be effected without the necessity of bringing suit. *Certainteed Corporation v. United Pacific Insurance Co.*, 158 Ariz. 273, 762 P.2d 560 (App.1988). In order to create an estoppel the conduct of the defendant must be so misleading as to cause the plaintiff's failure to file suit. *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228 (5th Cir.1980), cert. denied, 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981). One cannot rely upon mere non-committal acts of another party to establish an estoppel against a party who raises the statute as a defense. *Mountainwood Condominium Homeowners Assoc. v. Cal–Colorado*, 765 P.2d 1066 (Colo.App.1988).

█ Prior to the filing of this lawsuit the plaintiffs never made any claim upon either of the defendants for the damages to their land. At no time did they indicate that they were holding them responsible, financially or otherwise, for the waterlogging. As far as Arlington is concerned, its statements that it would clear and repair the canal do not constitute conduct which would support an estoppel. It never said that it would take care of the waterlogging damage but only that it would repair its canal.

As for Buckeye, it never knew any claim was being made against it. It never promised to remedy the damage. Its acts in drilling the well and initially agreeing to

use plaintiffs' irrigation well as a drainage well were non-committal acts which could not have induced any reasonable person to believe that it was going to pay damages or remedy the waterlogging. It was only doing what it did for many of the other farmers in the area in attempting to alleviate waterlogging problems.

In short, neither Arlington nor Buckeye did or said anything which induced plaintiffs to believe that their waterlogging would be taken care of without the necessity of bringing a suit.

As for the plaintiffs' contention that there was some kind of continuous tort involved, allowing them to recover for damages incurred after the statute of limitations had run, this was not their theory in the trial court. Their claim was for a permanent and total loss of the use of the property because of permanent conditions caused by the defendants. The plaintiffs presented no evidence at trial that there were any damages accruing after 1982. Their theory was that the land was waterlogged and unfarmable in 1982.

Affirmed.

ROLL, P.J., and LIVERMORE, J., concur.