923 P.2d 875

**Lee Anne FLOYD, a married woman, Plaintiff–Appellant,**

v.

**Anthony DONAHUE and Jane Doe Donahue, husband and wife, Defendants–Appellees.**

**No. 1 CA–CV 95–0460.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 3, 1996.

Wade F. Waldrip, Harland E. Carey, Phoenix, for Plaintiff–Appellant.

Raymond, Greer & Sassaman, P.C. by Randy L. Sassaman, Leonard D. Greer, Michael J. Raymond, Phoenix, for Defendants–Appellees.

OPINION

LANKFORD, Judge.

On this appeal from the dismissal of a complaint, we consider whether the statute of limitations bars a plaintiff's claims that her father sexually molested her from the time she was twelve years old. We hold that her claims of childhood abuse are barred, but that she may sue for acts occurring less than two years before she filed this action.

■ Although the trial court dismissed the complaint, it considered evidentiary matters in ruling on the motion to dismiss. The court thereby treated the motion as one for summary judgment. *See* Ariz. R. Civ. P. 12(b). Accordingly, we view the evidence in the record favorably to Floyd, the person against whom summary judgment was granted. *Hill–Shafer Partnership v. Chilson Family Trust*, 165 Ariz. 469, 472, 799 P.2d 810, 813 (1990). In addition, we determine *de novo* whether genuine issues of material fact exist and whether the trial court correctly applied the law. *Gonzalez v. Satrustegui*, 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App. 1993).

Appellant Lee Anne Floyd was born in December 1958. Beginning in about 1970, when Floyd was twelve years old, Appellee Anthony Donahue began sexually abusing her.[1] The abuse during her minority included numerous acts of inappropriate touching, exhibitionism, oral sex, and attempted intercourse. Donahue warned Floyd not to tell her mother, and Floyd feared that telling her mother would result in the breakup of the family.

In addition to the more egregious forms of abuse perpetrated from 1970 through 1974, Floyd claims Donahue used familial hugs and other opportunities as occasions for additional abuse, including open-mouthed kisses and thrusting his groin against Floyd in a sexually suggestive manner. This behavior continued into Floyd's adulthood until the day before her mother died on September 2, 1992.

Floyd filed her complaint on June 28, 1994. This date was more than seventeen years after her eighteenth birthday, but less than two years after her mother's death. After Floyd filed an amended complaint, Donahue moved to dismiss it based on the statute of limitations. The trial court granted the motion.

■ In general, the statute of limitations defense is disfavored; courts prefer to resolve cases on their merits. *Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 182 Ariz. 586, 590, 898 P.2d 964, 968 (1995). However, statutes of limitations serve the important public policy functions of protecting defendants and the courts from stale claims and from the evidentiary problems such claims generate, and protecting defendants from economic and psychological insecurity. *Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 464, 799 P.2d 801, 805 (1990).

■ In Arizona, a plaintiff must file suit for personal injuries "within two years after the cause of action accrues." Ariz.Rev.Stat. Ann. ("A.R.S.") § 12–542 (1992). Floyd argues that because of the unique issues involved in adults' claims against persons who sexually abused them as children, the statute should not apply. In a recent case, however, the Arizona Supreme Court applied A.R.S. section 12–542 to adult victims' claims against persons who sexually abused them as children. *Florez v. Sargeant*, 185 Ariz. 521, 524–25, 917 P.2d 250, 253–54 (1996). We therefore reject Floyd's argument that no statute of limitations applies to her claims.

---

1. Because we have assumed for purposes of this appeal that Donahue molested Floyd as alleged in the amended complaint, we find no merit to

Floyd's argument that she should have been allowed to depose Donahue before resolution of the limitation issue.

Because most of the alleged abuse in this case occurred when Floyd was a minor, the running of the limitations period on the acts occurring during childhood was tolled until she reached age eighteen. A.R.S. § 12–502(A) (1992). Floyd's claims as to the childhood abuse are facially untimely because she filed suit more than two years after her eighteenth birthday. Floyd has the burden to show some ground for tolling the statute of limitations. *Ulibarri v. Gerstenberger,* 178 Ariz. 151, 155, 871 P.2d 698, 702 (App.1993).

Floyd offers several theories[2] in arguing that her claims are not time-barred. Some of these questions were resolved in *Florez,* in which the Arizona Supreme Court ruled that the claims of two persons sexually abused as children were barred by the statute of limitations. We will first briefly address those issues resolved in *Florez,* and then address an unresolved issue: May a victim sue for childhood sexual abuse beyond the two-year limitations period when the perpetrator continues to engage in unwanted sexually suggestive touching until within the two-year period?

Floyd contends that accrual of her cause of action was delayed until psychological counseling made her aware of the extent of injuries and of the causal connection between the abuse and her emotional problems. We disagree.

In Arizona, a claim accrues when a "plaintiff knows or, in the exercise of reasonable diligence, should know the facts" underlying that claim. *Gust, Rosenfeld,* 182 Ariz. at 588, 898 P.2d at 966; *accord Kowske v. Life Care Centers of Am.,* 176 Ariz. 535, 537, 863 P.2d 254, 256 (App.1993). The dis-

covery rule delays accrual until the plaintiff has reason to know "by the exercise of reasonable diligence" that defendant harmed her. *Mayer v. Good Samaritan Hospital,* 14 Ariz.App. 248, 252, 482 P.2d 497, 501 (App. 1971).

The discovery rule did not render Floyd's claims timely. In *Florez,* the Arizona Supreme Court held that when adult victims knew who had abused them, what the abusers had done, and that this abuse had caused them injury, they could have filed their claims. 185 Ariz. at 527–29, 917 P.2d at 256–58. The record reveals that Floyd remembered her father's abuse, and was aware that this abuse had injured her. After she became an adult, Floyd began counseling to help her deal with psychological problems resulting from Donahue's abuse. In 1983, she began treatment at the Center Against Sexual Assault ("CASA"). In 1986 or 1987 she again sought counseling, and in 1993 sought marital counseling for problems associated with the past abuse. In 1993 Floyd also began counseling sessions with Kim Whiting, a counselor specializing in sexual abuse cases. Once Floyd had reason to know her father's abuse caused her injury, which occurred at the latest by 1983, her cause of action accrued. The discovery rule thereafter had no effect on the limitations period.[3] Because the limitations period for the childhood abuse had expired when plaintiff commenced the action, the complaint was properly dismissed.

Floyd also argues that because her father used his parental authority and threats against Floyd to keep her silent, and because his acts caused the mental impairment that prevented Floyd from timely filing

---

**2.** We note that Floyd does not claim that she was under the disability of "unsound mind" for purposes of tolling the statute of limitation. Accordingly, we need not address Donahue's argument that Floyd is attempting to tack disabilities in violation of A.R.S. section 12–503 (1992).

**3.** Floyd argues that discovery of her cause of action was triggered by her son's reporting that Donahue told him not to tell his mother about something. However, the record shows that Floyd did not repress all memory of abuse and it is therefore unclear what memory her son's statement "triggered."

Floyd also argues that the trial court erred in disregarding the affidavit of her expert on the issue. We have reviewed the record *de novo* to determine whether an issue of material fact exists. We agree with the trial court that Floyd's concessions that she always remembered the abuse and that she sought counseling at least by 1983 to deal with psychological problems resulting from that abuse resolves the question. The expert's testimony did nothing to change that result because she merely opined that Floyd had discovered the full impact of Donahue's abuse after her mother died and after she began counseling.

suit, Donahue should be estopped from asserting the statute of limitations. Although Floyd states that she is not claiming an "unsound mind" disability, her grounds for estoppel differ little from the "unsound mind" argument rejected in *Florez.* In *Florez,* the Arizona Supreme Court held that post-traumatic stress syndrome did not toll the statute of limitations unless its effects rendered the plaintiff "incapable of carrying on the day-to-day affairs of human existence." 185 Ariz. at 526, 917 P.2d at 255. There is no such evidence in this case, and we therefore decline to apply estoppel.

■ Floyd also asserts estoppel on this basis: She failed to file because she feared confronting her father would hurt her mother and lead to the breakup of her family. There is no evidence of concealment in this case. *Compare Ulibarri,* 178 Ariz. at 156, 871 P.2d at 703 (post-hypnotic suggestion to forget sexual conduct). In the absence of evidence of concealment, a specific threat or demonstrable duress, we decline to apply estoppel. Floyd no longer lived with her father, and she alleges merely that she forbore filing suit to protect her mother from unpleasant information that may have changed her mother's opinion about her husband. *See Rigazio v. Archdiocese of Louisville,* 853 S.W.2d 295, 297 (Ky.Ct.App.1993) (abuser's telling victim not to tell anyone about abuse not sufficient to constitute obstruction or concealment); *Franke v. Geyer,* 209 Ill.App.3d 1009, 154 Ill.Dec. 710, 713, 568 N.E.2d 931, 934 (1991) (to show equitable estoppel, victim must show that the abuser's actions caused her to forbear filing suit); *cf. Roer v. Buckeye Irrigation Co.,* 167 Ariz. 545, 547, 809 P.2d 970, 972 (App.1991) (noncommittal acts insufficient to establish estoppel). Accordingly, we reject the contention that defendant is estopped from raising the statute of limitations defense.

■ Floyd also claims that her father's continuing acts of sexually suggestive, offensive behavior into her adulthood extends the limitation period. The last such act occurred the day before her mother died and within the two year statutory limitations period. Floyd contends that all the conduct is linked and that the most recent acts sweep all prior conduct within the limitations period.[4] She further argues that although these later acts were not as nefarious as those Donahue committed during her childhood, these acts severely aggravated her depression and the post-traumatic stress syndrome caused by past abuse.

■ We agree that under certain conditions a tort is continuous, and in such cases the limitations period does not commence until the date of the last tortious act. *See Garcia v. Sumrall,* 58 Ariz. 526, 533, 121 P.2d 640, 643 (1942) (trespass to property). However, the continuing tort rule does not apply here because each claimed act is a separate assault causing separate as well as cumulative injury. *See, e.g., Doe v. Doe,* 671 So.2d 466, 469–70 (La.App.1995) (separate acts of sexual abuse not a continuing tort); *Hertel v. Sullivan,* 261 Ill.App.3d 156, 198 Ill.Dec. 574, 578, 633 N.E.2d 36, 40 (1994) (continuing tort rule does not extend to sexual abuse claim); *Davis v. Bostick,* 282 Or. 667, 580 P.2d 544, 547–48 (1978) (separate but repeated acts of spousal abuse did not fall within continuing tort rule; claims for abuse occurring outside of limitations period barred). *Cf. Mardis v. Robbins Tire & Rubber Co.,* 669 So.2d 885, 888 (Ala.1995) (acts of sexual harassment occurring more than two years before suit time-barred); *Doe v. Roe,* —— Ariz. ——, ——, —— P.2d ——, ——, 1996 WL 445314, 222 Ariz. Adv. Rep. 17, 22 (App. Aug. 8, 1996) (Lankford, J., dissenting) (each act of abuse is a separate tort); *but cf. Giuliani v. Stuart Corp.,* 512 N.W.2d 589,

---

4. We reject Donahue's argument that Floyd waived this argument by failing to raise it in the trial court. In the amended complaint, made more specific than the original complaint because the trial court granted Donahue's motion for more definite statement, Floyd specifically alleged that Donahue's "harmful and offensive touching" continued until September 1992. Although Floyd did not use the words "continuing tort" in her written memoranda, fairly read these documents assert that Donahue's inappropriate conduct continued from 1970 through 1992, and that Floyd's claims were not separate claims for each alleged assault but were claims for her injuries resulting from the cumulative effects of those assaults. This is sufficient to raise the issue.

**414**

595 (Minn.Ct.App.1994) (sexual harassment claim timely if "at least one incident of harassment occurred within limitations period"). In this case, each of Donahue's acts against Floyd was a separate tort, and Floyd cannot assert claims for abuse occurring outside the two year limitation period.

■ We hold that Floyd's claims of abuse occurring more than two years from the date she filed are time-barred. We note, however, that Floyd claims that at least one act of offensive, sexually suggestive touching occurred within two years before she filed suit, and that this touching aggravated her pre-existing psychological problems and thereby caused additional injury. Because this act occurred within the statutory period, we remand the claims filed within two years for further proceedings.

WEISBERG, P.J., and VOSS, J., concur.