

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIMBERLY CREPEA, an unmarried
woman,

          Plaintiff-Appellant,

v.

COCHISE COUNTY; LAWRENCE A.
DEVER,

          Defendants-Appellees.

No.    14-16694

D.C. No. 4:09-cv-00370-FRZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted July 6, 2016
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and ZOUHARY,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Plaintiff Kimberly Crepea appeals the district court's dismissal of her 42 U.S.C. § 1983 and state law claims against Cochise County and Cochise County Sheriff Lawrence Dever. We affirm.

1. Under the exacting standard for § 1983 municipal liability established by *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397 (1997), Crepea must allege that Cochise County and Sheriff Dever were deliberately indifferent in hiring Cruver, or in failing to terminate or suspend him. The complaint does not suffice as to either showing.

Before hiring Cruver, Cochise County and Dever knew or should have known that Cruver's employment history included: a rejected application for a different law enforcement position; two sexual harassment complaints by co-workers; "serious" and "critical" admissions to the pre-hire screening psychologist, including offensive remarks and jokes about minorities, women, and other protected groups; and the death of an arrestee in his custody. After Cochise County hired Cruver, an arrestee alleged that Cruver used excessive force against her. These facts, taken as true, do not support the conclusion that "adequate scrutiny of [Cruver's] background would lead a reasonable policymaker to conclude that the *plainly obvious* consequence of the decision to hire [Cruver]," *id.* at 411 (emphasis added), would be that he would violate Crepea's Fourth and Fourteenth

Amendment rights by forcibly entering her property and sexually assaulting her.

2. The district court properly dismissed Crepea's state law claims. The court correctly held that Crepea did not timely file a notice of claim with Cochise County within 180 days after her causes of action accrued, as required by Arizona's notice of claim statute. Ariz. Rev. Stat. § 12-821.01. The statute provides a discovery rule for accrual. *See id.* § 12-821.01(B).

Crepea's claims for battery, assault, false imprisonment, intentional infliction of emotional distress, and punitive damages against Cochise County accrued on the date of the assault. At that time, Crepea had all the facts necessary to know that she had been assaulted by Cruver and that he was working for Cochise County Sheriff's Department. Any emotional distress Crepea experienced as a result of the assault does not change the date of accrual. *See Floyd v. Donahue*, 186 Ariz. 409, 412 (Ct. App. 1996).

Crepea's negligent hiring claim accrued some time after the assault, when she learned the facts related to Cruver's employment history and hiring. Crepea's statement in her Third Amended Complaint that her state law claims "accrued in early May 2009," however, asserts only a legal conclusion, not the facts on which it is based. It is insufficient to satisfy the Federal Rule of Civil Procedure 8(a) fact

pleading standard, and so cannot survive a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, we affirm the district court's holding that she also failed to file a timely notice of claim for her negligence cause of action.

3. We deny Defendant-Appellee's Motion to Dismiss Appellee Larry Dever. Appellee Dever died after the district court order of March 2012 dismissing the claims against him. Dever, thus, "die[d] after entry of [the] . . . *order* in the district court, but before [the] notice of appeal [wa]s filed," so Crepea, "may proceed as if the death had not occurred." Fed. R. App. P. 43(a)(3).

**AFFIRMED.**