NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RICHARD DAVID-RYNN, et al., *Plaintiffs/Appellants*,

*v.*

UHS OF PHOENIX, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0605
FILED 9-15-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-094244
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Richard David-Rynn, Gelliana David-Rynn, Mathew Rynn, Marcella
Rynn, Chandler
*Plaintiffs/Appellants*

Holden & Armer PC, Phoenix
By Carolyn (DeeDee) Armer, Michael J. Ryan, Nathan S. Ryan
*Counsel for Defendant/Appellee UHS of Phoenix LLC*

Broening Oberg Woods & Wilson PC, Phoenix
By Megan E. Gailey, Kelley M. Jancaitis
*Counsel for Defendant/Appellee La Frontera Empact-SPC*

Arizona Attorney General's Office, Phoenix
By Cynthia D. Starkey
*Counsel for Defendant/Appellee Arizona Department of Child Safety*

Arizona Attorney General's Office, Phoenix
By Stephanie Elliott, Rebecca Banes
*Counsel for Defendant/Appellee Arizona Department of Health Services*

Cohen Law Firm, Phoenix
By Larry J. Cohen
*Counsel for Defendant/Appellee Devereux*

---

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

---

**B A I L E Y**, Judge:

¶1 Plaintiffs Richard Rynn and Gelliana David-Rynn, and their children Mathew and Marcella (collectively, "Rynn"), appeal the superior court's judgments dismissing their complaint against the State of Arizona, the Department of Child Safety ("DCS"), the Department of Health Services ("DHS") (collectively, "the State"), and healthcare providers UHS of Phoenix, LLC d/b/a Quail Run Behavioral Health ("Quail Run"), La Frontera Empact-SPC ("Empact"), and Devereux.  Rynn also appeals the denial of their post-judgment motions.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 This case is Rynn's second lawsuit arising from treatment Marcella received from inpatient behavioral health facilities, including treatment rendered during a dependency proceeding while Marcella was in DCS care.  The factual background of the dependency case is outlined in *Richard R. v. DCS*, 2 CA-JV 2017-0165, 2018 WL 718932 (Ariz. App. Feb. 6, 2018) (mem. decision), and *Richard R. v. DCS*, 2 CA-JV 2021-0141, 2022 WL 1087332 (Ariz. App. Apr. 12, 2022) (mem. decision).  The first lawsuit, filed in January 2018, was removed to the federal district court, which dismissed the case with prejudice as to all defendants, including the State, Quail Run,

and Empact ("the 2018 litigation"). Rynn did not appeal the 2018 final judgment.

**¶3** In July 2020, Rynn filed this case, again in Arizona superior court. As amended in August 2020, the complaint in this case again alleges that while Marcella was in an inpatient treatment program in April 2017, Quail Run and Empact physically and emotionally abused her, forcibly medicated her, and made false reports prompting DCS to take custody of her. The amended complaint also alleges Quail Run, Empact, and the State made false statements to law enforcement, falsified medical records, and threatened Rynn's family until Marcella was returned to the family's care in June 2018. Rynn's claims for relief included, *inter alia*, defamation, assault, battery, involuntary treatment, child abuse and neglect, emotional distress, and racketeering.

**¶4** Although the State and Rynn stipulated to the filing of a second amended complaint, no other defendants did. In the second amended complaint, Rynn added several new defendants, including Devereux, and alleged Devereux employees abused Marcella during her stay at that facility and made false reports to DCS.

**¶5** The superior court granted the defendants' motions to dismiss, issued final judgments pursuant to Arizona Rule of Civil Procedure 54(b), and denied Rynn's post-judgment motions for a new trial and relief from judgment, *see* Ariz. R. Civ. P. 59(a)(1)(D), 60(b)(3).

**¶6** We have jurisdiction over Rynn's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

**¶7** We review *de novo* the grant of a motion to dismiss for failure to state a claim, *Cox v. Ponce ex rel. Cnty. of Maricopa*, 251 Ariz. 302, 304, ¶ 7 (2021), and questions of law, such as the claim-preclusive effect of a prior judgment, *Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 (App. 2009).

**¶8** To begin, Rynn's opening brief does not advance a meaningful argument with supporting reasons or citations to the record or case law. *See* ARCAP 13(a)(7)(A). Although we could find Rynn waived the appeal on this basis, *see J.W. v. Dep't of Child Safety*, 252 Ariz. 184, 188, ¶ 11 (App. 2021) (citations omitted), we decline to apply waiver and address the merits of Rynn's argument that the superior court improperly granted the defendants' motions to dismiss.

## I.      Claim Preclusion

**¶9**          Rynn argues the superior court erred in finding the claims against Quail Run, Empact, and the State were precluded by the 2018 litigation's dismissal with prejudice.  Rynn contends the previous suit did not involve the same claims or parties.

**¶10**          Federal law dictates the preclusive effect of a prior federal judgment.  *See, e.g., Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001).  Claim preclusion bars a claim when the prior litigation "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Howell*, 221 Ariz. at 546, ¶ 17 (citing *Mpoyo v. Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)).  The same claim means the two suits "arise from 'the same transactional nucleus of facts.'"  *Id.* at 547, ¶ 19 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)).

**¶11**          True the 2018 litigation advanced different legal theories, including "interference with parent/child relational interest," intentional infliction of emotional distress, wrongful imprisonment, "violation of civil rights" under 42 U.S.C. § 1983, and negligence.  But the complaint here arose from the same operative facts and the same alleged harm; namely, Marcella's removal from the Rynn home and her treatment at behavioral health facilities in April 2017.  The 2018 litigation involved the same parties, including defendants Empact, Quail Run, the State, and plaintiff Marcella Rynn "by her next friend and parent Richard Rynn."  And the federal court's dismissal with prejudice was a final adjudication on the merits and resulted in the entry of a final judgment.  The superior court did not err in applying claim preclusion and dismissing Rynn's complaint as to Quail Run, Empact, and the State.

## II.     Statute of Limitations

**¶12**          Rynn argues the superior court erred in finding the statute of limitations barred Rynn's claims, filed in July 2020, for harms that occurred between April 2017 and June 2018.  *See* A.R.S. § 12-542 (stating the statute of limitations for tort claims is two years); A.R.S. § 12-821 (stating all claims against public entities must be brought within one year).  Rynn argues the alleged harm was continuing because in 2020 DCS took physical custody of Mathew Rynn.

**¶13**          A tort claim "based on a series of closely related wrongful acts," may be treated as a continuing harm, particularly where "any one of

[the wrongful acts] likely was insufficient by itself to support the claim." *Watkins v. Arpaio*, 239 Ariz. 168, 171-72, ¶ 9, ¶15 (App. 2016); *see also Floyd v. Donahue*, 186 Ariz. 409, 413 (App. 1996) (holding that the continuing-tort doctrine did not apply because "each claimed act is a separate assault causing separate as well as cumulative injury"). But even if Rynn's allegation that DCS wrongly took physical custody of another child could support a claim warranting relief, such an allegation would not extend the statute of limitations because it is not part of a series of closely related wrongful acts. *See Watkins*, 239 Ariz. at 172, ¶ 9; *Floyd*, 186 Ariz. at 413.

¶14 Although Rynn is correct the statute of limitations on Marcella's damages claims was tolled until she turned eighteen in November 2018, *see* A.R.S. § 12-502, as explained above, she elected to press her claims against Empact, Quail Run, and the State in the 2018 litigation. Those claims are precluded by the 2018 litigation's dismissal and the resulting entry of a final judgment.

¶15 Marcella's claims against Devereux, even if timely filed, were also properly dismissed. The superior court granted Devereux's motion to dismiss after Rynn failed to respond to Devereux's arguments that Rynn did not serve a summons signed and stamped by the clerk of court, *see* Ariz. R. Civ. P. 4(a), and did not seek leave of court or the consent of all parties before filing the second amended complaint, *see* Ariz. R. Civ. P. 15(a)(2). The superior court found Rynn's responsive filing failed to answer those arguments, and thus Rynn consented to the superior court granting the motion to dismiss. *See* Ariz. R. Civ. P. 7.1(b)(1).

¶16 When the non-movant fails to respond to a motion, the superior court has discretion to grant the motion summarily. *See* Ariz. R. Civ. P. 7.1(b)(1); *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 65, ¶ 17 (App. 2010). Here, Rynn filed a response but failed to address Devereux's arguments. The superior court did not abuse its discretion in granting the motion, and even if Rynn had not failed to address Devereux's arguments, Devereux would be entitled to dismissal. Rynn had to serve Devereux with, among other things, a summons, signed and stamped by the clerk of court, *see* Ariz. R. Civ. P. 4(a), and failed to do so. In fact, Rynn did not file a summons until after the court dismissed the case. That summons was dated nearly a month after the superior court's dismissal, meaning it could not properly have been served on Devereaux months earlier. And Rynn's second amended complaint was filed without consent from all parties and without seeking leave of court to amend. The superior court did not err in dismissing Rynn's claims against Devereux.

*See* Ariz. R. Civ. P. 12(b)(4) (stating insufficient process is grounds for dismissing a complaint).

**¶17** For these reasons, we affirm the superior court's dismissal of Rynn's complaint. Although Rynn appealed the denial of the post-judgment motions, Rynn makes no arguments about those motions in the opening brief and has thus waived them. *See J.W.*, 252 Ariz. at 188, ¶ 11.

## CONCLUSION

**¶18** We affirm the superior court's judgments granting the motions to dismiss and orders denying Rynn's post-judgment motions.



AMY M. WOOD • Clerk of the Court
FILED:  AA

6